Douglas J. Pick (DP-5935)
Eric C. Zabicki (EZ-0763)
**PICK & ZABICKI LLP**
Counsel to the Civan and Pina Kalfa Exemption Trust
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

Susan I. Montgomery (CA 120667)
**LAW OFFICE OF SUSAN I. MONTGOMERY**
Co-counsel to the Civan and Pina Kalfa Exemption Trust
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
(310) 556-8900
susan@simontgomerylaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 11
ASKA BEVERLY HILLS, LLC,                                  Case No. 16-12596
                                              (SCC)
                    Debtor.
------------------------------------------------------------x

## APPLICATION OF THE CIVAN AND PINA KALFA EXEMPTION TRUST FOR ENTRY OF AN ORDER VACATING THE AUTOMATIC STAY WITH REGARD TO DEBTOR'S NON-RESIDENTIAL REAL PROPERTY

**TO THE HONORABLE SHELLY C. CHAPMAN, UNITED STATES BANKRUPTCY JUDGE:**

The Civan and Pina Kalfa Exemption Trust (the "Trust" or "Landlord"), by and through its undersigned counsel, submits this application (the "Motion") in support of the entry of an Order, pursuant to §362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay so as to permit the Landlord to pursue and enforce its rights and remedies with regard to certain

3

non-residential real property occupied by debtor ASKA Beverly Hills, LLC (the "Debtor"), and respectfully represents and alleges as follows:

## BACKGROUND

1.      As set forth in the accompanying Declaration of Pina Kalfa, the trustee of the Trust, (the "Kalfa Decl."), the Landlord and the Debtor are parties to a written lease agreement dated as of October 12, 2015 (the "Lease") (Kalfa Decl., Exhibit "A" (Standard Industrial/Commercial Multi-Tenant Lease)) with regard to certain ground floor commercial space owned by the Trust and located at 9624 Brighton Way, Beverly Hills, California (the "Premises"). The Debtor operates a shoe store on the Premises.   (Kalfa Decl., Exhibit "A," ¶ 1.8. The stated term of the Lease runs through December 31, 2020. The current base rent payable under the Lease is $9,000 payable, in advance, on the first day of each month. The Landlord is presently holding an unapplied security deposit of $9,000.00 in connection with the Lease.

2.      The Debtor failed to remain current with regard to its payment obligations to the Landlord under the Lease.  Accordingly, and on or about September 9, 2016, the Landlord served a Three-Day Notice to Pay or Quit on Debtor in accordance with the Lease and California Code of Civil Procedure § 1161. Debtor filed its petition in order to prevent Landlord from commencing an unlawful detainer action to terminate Debtor's tenancy for non-payment of rent.

3.      As of the Petition Date, the Debtor was in arrears with regard to its obligations to the Landlord under the Lease in amounts totaling not less than $27,000. Kalfa Decl., Exhibit "B". No post-Petition rent payment has been paid

4

## JURISDICTION AND VENUE

4.      The Trust has filed a motion to dismiss this case for lack of jurisdiction

and venue.  As set forth in its Motion to Dismiss, to be heard concurrently herewith,

Debtor was formed under the laws of California, and has its principal place of business

and principal assets in California.  Accordingly, venue is not appropriate in this district

under 28 U.S.C. § 1408.  This Motion is nevertheless filed in an abundance of caution in

the event that the Court disagrees with the Trust or delays the granting of the motion to

dismiss.

## RELIEF REQUESTED

5.      Section 362(d)(1) of the Bankruptcy Code provides, in relevant

part, that:

> (d)      On request of a party in interest and after
> notice and a hearing, the court shall grant relief from
> the stay provided under subsection (a) of this section,
> such as by terminating, annulling, modifying, or
> conditioning such stay –
>
> > (1)      *for cause,* including the lack of adequate
> > protection of an interest in property of such party
> > in interest;

6.      The Bankruptcy Code does not define the term " cause"

however, the legislative history provides some guidance in that the "facts of each

request will determine whether relief is appropriate under the circumstances."

*In re Sonnax Industries. Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990) (*quoting* H.R.

Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong.

& Admin. News 6300). The burden of proof on a motion seeking modification

of the automatic stay is a shifting one: the movant has the initial burden of

showing that "cause" exists and once established, the burden shifts to the party

5

opposing stay relief to disprove its existence. *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

7.      Turning to the instant case, the Landlord respectfully submits that an ample basis exists for a modification of the automatic stay with regard to the Landlord's rights and remedies with regard to the Premises. Specifically, the Landlord's interests in the Premises are not adequately protected. It has consistently been held that "'the failure to pay post-petition rent may . . . serve as grounds for lifting the automatic stay'" since the Landlord will not be adequately protected if the Debtor falls behind in post-petition rent. *In re Sweet N Sour 7th Ave Corp.*, 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010) *(quoting In re Mad Lo Lo LLC*, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. 2009). As discussed above, as of the Petition Date, the Debtor was approximately three months behind on its base rent obligations under the Lease. As of the date hereof, the Landlord has not received any payment with regard to the amounts owed under the Lease for the Post-Petition months of September or October 2016. The Debtor's obligations under the Lease for the post-Petition month of October 2016 came due on October 1, 2016. As a result, the Landlord's interests in the Premises are not adequately protected.

8.      Additionally, permitting the Debtor and the Landlord to pursue the Eviction Proceeding before the California Superior Court would be appropriate. The Second Circuit has articulated the following twelve (12) factors which the bankruptcy court must weigh upon a request for relief from the automatic stay in order to continue litigation in another forum:

> (i)      whether relief would result in a partial or complete resolution of the issues;

6

(ii)    lack of any connection with or interference with the bankruptcy case;

(iii)    whether the other proceeding involves the debtor *as* a fiduciary;

(iv)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(v)    whether the debtor's insurer has assigned full responsibility for defending it;

(vi)    whether the action primarily involves third parties;

(vii)    whether litigation in another forum would prejudice the interests of other creditors;

(viii)    whether the judgment claim arising from the other action is subject to equitable subordination;

(ix)    whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(x)    the interests of judicial economy and the expeditious and economical resolution of litigation;

(xi)    whether the parties are ready for trial in the other proceeding; and

(xii)    impact of the stay on the parties and the balance of harms.

*Sonnax,* 907 F.2d at 1286. Only those factors that are relevant to a particular case need be considered and the court need not assign them equal weight. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). When applying these

7

factors, the court "should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." *Id.* As such, "cause" may be established by the demonstration of a single factor. *In re Drexel Burnham Lambert Group Inc.,* 113 B.R. 830, 838 n8 (Bankr. S.D.N.Y. 1990).

9.      As discussed above, the Debtor filed its chapter 11 petition for the purposes of avoiding eviction in the California court. Moreover, Debtor, in bad faith, chose to file its petition in the Southern District of New York, notwithstanding lack of venue under 28 U.S.C. § 1408. Respectfully, the California Superior Court is the appropriate forum to fully adjudicate whatever claims and defenses the respective parties may have with regard to the Lease and/or the Premises. This is particularly true since the Debtor is not paying post-petition rent to the Landlord and is merely seeking to reap the benefits of the automatic stay without any consideration to or for the Landlord.

10.     Also, the commencement of a bankruptcy case in "bad faith" may serve as "cause" for relief from the automatic stay. *See, e.g., In re C-TC 9th Avenue Partnership,* 113 F.3d 1304, 1313 (2d Cir. 1997); *In re AMC Realty Coro.,* 270 B.R. 132, 141 (S.D.N.Y. 2001). Courts generally look at the "totality of the circumstances" when considering a finding of "bad faith". *See, e.g., In re Tornheim,* 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999). As discussed above, it is apparent that the Debtor commenced this case merely for the purpose of temporarily preventing the Landlord from pursuing or enforcing its rights and remedies with regard to the Premises and not to reorganize its financial affairs. Debtor's schedules, reflect that it has no assets other than the tenant improvements and a small amount of inventory. Kalfa Decl., Exhibit "B". Rather, the Debtor's chapter 11 filing appears to be a mere ploy to remain in business at the Premises, rent free, for as long as possible before its inevitable eviction. Respectfully, this Court should not condone such a filing by further precluding the Landlord from prosecuting an Eviction Action.

8

## CONCLUSION

11.   Based upon the foregoing, the Landlord respectfully submits that, the automatic stay should be vacated so as to permit the Landlord to pursue and/or enforce its rights and remedies with regard to the Premises, including the pursuit of the Eviction Proceeding through the California court.

**WHEREFORE,** the Landlord respectfully requests that the Court grant the Motion in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
     October 3, 2016

               **PICK & ZABICKI LLP**
               Counsel to the Civan and Pina Kalfa
               Exemption Trust

               By _____
                  Douglas J. Pick, Esq.
               369 Lexington Avenue, 12th Floor
               New York, NY 10017
               (212) 695-6000

               **LAW OFFICE OF SUSAN I.
               MONTGOMERY**
               Co-Counsel to the Civan and Pina Kalfa
               Exemption Trust

               By _____
                  Susan I. Montgomery, Esq.
               1925 Century Park East, Suite 2000
               Los Angeles, CA 90067
               (310) 556-8900